UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **EVA HINES MILEY WATTS,** | ) |
| | ) |
| **Claimant,** | ) |
| | ) |
| vs. | ) Case No. 7:11-cv-2882-CLS |
| | ) |
| **MICHAEL J. ASTRUE, Commissioner, Social Security Administration,** | ) ) ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant Eva Hines Miley Watts commenced this action on August 18, 2011, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability insurance benefits. For the reasons stated herein, the court finds that the Commissioner's ruling is due to be affirmed.

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253

(11th Cir. 1983).

Claimant contends that the Commissioner's decision is neither supported by substantial evidence nor in accordance with applicable legal standards. Specifically, claimant asserts that the Commissioner erred by failing to remand the case for consideration of new evidence, and by failing to fully and fairly develop the record regarding her cognitive functioning and residual functional capacity. Upon review of the record, the court concludes that these contentions lack merit.

Claimant first asserts that the ALJ should have remanded the case to the Commissioner for further consideration of new evidence that was submitted for the first time to the Appeals Council.

> When a claimant submits new evidence to the [Appeals Council], the district court must consider the entire record, *including the evidence submitted to the AC*, to determine whether the denial of benefits was erroneous. *Ingram,* 496 F.3d at 1262. Remand is appropriate when a district court fails to consider the record as a whole, *including evidence submitted for the first time to the AC*, in determining whether the Commissioner's final decision is supported by substantial evidence. *Id.* at 1266-67. The new evidence must relate back to the time period on or before the date of the ALJ's decision. 20 C.F.R. § 404.970(b).

*Smith v. Astrue,* 272 Fed. Appx. 789, 802 (11th Cir. 2008) (emphasis supplied).

The new evidence in this case included updated treatment records and a medical source opinion from Dr. Travis, a psychological evaluation and medical source statement from Dr. John Goff, and updated medical records from West

2

Alabama Health Center.[1]  The Appeals Council reviewed the additional evidence, but nonetheless denied claimant's request for review, stating:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> In connection with the request for review, you submitted additional medical evidence in the form of progress notes.  Many of the notes contain either no or illegible dates.  Therefore, we are unable to ascertain whether they are for the period at issue.  However, assuming they are for the period at issue, they, along with those notes that have dates[,] are cumulative notes which merely reiterate your statements and complaints; document referrals for appointments regarding other impairments; and document requests for medication refills.  Also submitted was a report of "Confidential Psychological Evaluation" and an assessment of ability to perform work duties (physical) which contain assessments which equate to opinions of "disability."  The evidence of record supports neither opinion inasmuch as they are both inconsistent with all other opinions and the record as a whole.  Therefore, neither the additional evidence nor your representative's contentions provide a basis for the [sic] disturbing the hearing decision.[2]

This court agrees with the Appeals Council's decision.  Even considering the additional evidence presented for the first time to the Appeals Council, the ALJ's decision was supported by substantial evidence.  Consequently, remand is not required for additional consideration of any new evidence, and the Commissioner did

---

[1] *See* Tr. 365-421.
[2] Tr. 2.

3

not err in finding claimant not disabled.

Claimant also argues that the ALJ erred by failing to fully and fairly develop the record regarding her cognitive functioning and residual functional capacity. More specifically, claimant asserts that the ALJ should have ordered additional consultative examinations. It is true that the ALJ

> has an obligation to develop a full and fair record, even if the claimant is represented by counsel. *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981). The ALJ is not required to seek additional independent expert medical testimony before making a disability determination *if the record is sufficient and additional expert testimony is not necessary for an informed decision. Wilson v. Apfel,* 179 F.3d 1276, 1278 (11th Cir. 1999) (holding the record, which included the opinion of several physicians, was sufficient for the ALJ to arrive at a decision); *Holladay v. Bowen,* 848 F.2d 1206, 1209-10 (11th Cir. 1988) (holding the ALJ must order a consultative exam when it is necessary for an informed decision).

*Nation v. Barnhart,* 153 Fed. Appx. 597, 598 (11th Cir. 2005) (emphasis supplied). Furthermore, claimant bears the ultimate burden of producing evidence to support her disability claim. *See Ellison v. Barnhart,* 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. §§ 416.912(a), (c)). In this case, the ALJ relied on reports of claimant's physical and mental limitations from multiple consultative examiners that already were in the record at the time of the ALJ's decision. The extensive medical record already generated at the time of the ALJ's decision was sufficient to give substantial support to the decision, and the ALJ was not required to order any

additional consultative examinations.

In summary, the court concludes the ALJ's decision was based upon substantial evidence and in accordance with applicable legal standards. Accordingly, the decision of the Commissioner is AFFIRMED. Costs are taxed against claimant. The Clerk is directed to close this file.

DONE this 8th day of May, 2012.

_____
United States District Judge